EN 4A

**FILED**
OCT 27 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT of ILLINOIS EASTERN DIVISION

Walter Wells, Aaron Wells, )
Jean Allen and Tionnia Greenwells )
)
Plaintiff )
v. )  No. 15CV-6229
Tom DART Sheriff )  Judge ANA WOOD
Bank of America, NA, FEDERAL NATIONAL )
Bank of America Unknown Agents 1-100, MORT )
Applebrook Realty, Safeguard Unknown Agents, )
Robert Klein )
Defendant. )

AMENDED
**VERIFIED COMPLAINT**

NOW COMES Plaintiff, Walter Wells, and does hereby submit his Verified Complaint against Defendant BANK OF AMERICA for damages suffered by plaintiff involving the subject property located at 10711 S. Sangamon, Chicago, in COOK COUNTY, Illinois. In support thereof, Plaintiff avers as follows:

**PARTIES**

1. Plaintiff Walter Wells was at all times relevant hereto a rightful tenant of the property located at 10711 S. Sangamon in Chicago, Cook County, Illinois (hereinafter "the property").

3. Defendant BANK OF AMERICA, N.A., is a foreign national-owned national banking association registered to do business upon the shores of North America.

4. Defendants BANK OF AMERICA UNKNOWN AGENTS 1-100 are individuals unknown to Plaintiff who, upon information and belief, Defendant BANK OF AMERICA hired to perform actions to "secure" Plaintiff's property as private contractors.

5. Defendant APPLEBROOK REALTY is a licensed realtor doing business in the state of Illinois.

6. Defendant SAFEGUARD SERVICES are unknown agents/contractors hired by

1

Defendant Bank of America.

## FACTUAL ALLEGATIONS

1. In June of 2010, Plaintiff Walter Wells began living in the property.

2. In 2012, Defendant Bank of America filed an eviction action against the former owner of the property. Plaintiff Wells was never served in said action.

3. Plaintiff Wells filed a motion to quash and was not notified of any further proceedings by Plaintiff Bank of America.

4. On or about June 5, 2015, Defendants Bank of America Agents 1-100 did come to the property and change the locks.

5. On or about June 6, 2015, Plaintiff discovered the damage to his property, replaced the locks and filed a motion with the court to stop the encroachment on his property.

6. On or about June 7- June 10, 2015, Unknown Defendants Bank of America Agents 1-100 returned to the property, did gain entry and break the locks again. Defendants took four brand new car batteries from the residence and a canon ink-jet printer.

7. Defendants opened up drawers, dumped out containers, and caused Plaintiff's belongings to be carelessly and recklessly strewn across the floor, couches and stairs.

8. On June 10, 2015, Plaintiff Wells returned home to find his home in disrepair and his belongings missing. A note was left informing Plaintiff that he had 30 days to claim his belongings. He filed a police report for the break-in, theft, and damages suffered.

9. When police arrivedPlaintiff was subsequently taken into custody for unrelated warrants which were mistakenly attributed to his name, which were not him. As a result, Plaintiff was held in Cook, Kane, and Will County for nine days.

10. On or about June 11-June 18, 2015, Defendants did return to the property, forcibly enter, and did dispose completely of Plaintiff's belongings in the property. This includes two vehicles that

Plaintiff stored in the driveway.

11. Upon investigation, Plaintiff was told by "Sharon" at Defendant Applebrook realty that she witnessed agents hired by Defendant Bank of America remove the cars from the property.

12. Upon further investigation, Plaintiff was told by a customer service representative Lakeeta from Safeguard services that they were retained by Defendant Bank of America and that they did indeed receive an order from Bank of America to "trash" the property upon it being designated as vacant by another agent of Bank of America.

13. Defendant Safeguard relayed to Plaintiff that they did not take his cars because Defendant Bank of America did not pay them for the storage of the vehicles for 30 days.

14. Plaintiff, upon learning of the loss of his property, contacted Defendant Safeguard and demanded the return of his property, and was told by Safeguard customer service agent Lakeeta that there was no way for them to restore his property to him, because they had "trashed" all of his belongings.

**15.** The value of belongings taken and/or destroyed by Defendants is $_____.

## COUNT I. COMMON LAW TORT OF TRESPASS TO CHATTELS

16. Plaintiff re-incorporates and restates by reference all preceding paragraphs as if set forth fully herein.

17. Plaintiff lawfully secured his property and belongings in his property.

18. Upon information and belief, unknown agents, with the permissive authority of Defendant Bank of America, did unlawfully trespass to gain entry to the property and did remove Plaintiff's belongings from his care, control, and possession.

19. Defendant Bank of America is included in this count under its *respondeat superior* liability.

20. Defendants have not taken any measures to restore to Plaintiff the possession of his

belongings nor by presenting the value of the same to him in an effort to make him whole.

21. Defendants are liable for actual damages suffered by Plaintiff as a result of their actions in the amount of $_____.

22. Defendants are liable for the tort of trespass to chattels.

WHEREFORE, Plaintiff respectfully moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant for the relief requested herein; and to find Defendant liable for damages as alleged herein; and for any other such relief as the court finds just and equitable.

## COUNT II. UNJUST ENRICHMENT

23. Plaintiff re-incorporates and restates by reference all preceding paragraphs as if set forth fully herein.

24. Defendant Bank of America is included in this count under its *respondeat superior* liability.

25. Plaintiff lawfully secured his property and belongings in his property.

26. Upon information and belief, Defendant Bank of America's unknown agents, with the permissive authority of Defendant Bank of America, did unlawfully trespass to gain entry to the property and proceed to remove Plaintiff's belongings from his care, control, and possession.

27. Defendants Bank of America, and BANK OF AMERICA UNKNOWN AGENTS 1-100, SAFEGUARD SERVICES and APPLEBROOK REALTY have been enriched by the taking of Plaintiff's possessions.

28. Within several days of the destruction of Plaintiff's property, Defendant Applebrook Realty listed pictures of the interior of the property "FOR SALE" in online real estate postings.

29. Said enrichment took place at the expense of Plaintiff.

30. The enrichment of Defendants was unjust, because there was no lawful purpose or other reason to detach Plaintiff from his possessions.

31. Defendants Bank of America and BANK OF AMERICA UNKNOWN AGENTS 1-100,

SAFEGUARD SERVICES and APPLEBROOK REALTY have no valid defenses to its actions.

32. Defendants have not taken any measures to restore to Plaintiff the possession of his belongings nor by presenting the value of the same to him in an effort to make him whole.

33. Defendants have unjustly enriched themselves and are liable for damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant for the relief requested herein; and to find Defendant liable for damages as alleged herein; and for any other such relief as the court finds just and equitable.

## COUNT III. CONVERSION

34. Plaintiff re-incorporates and restates by reference all preceding paragraphs as if set forth fully herein.

35. Defendant Bank of America is included in this count under its *respondeat superior* liability.

36. Plaintiff lawfully secured his property and belongings in his property.

37. Upon information and belief, Defendants BANK OF AMERICA UNKNOWN AGENTS, SAFEGUARD SERVICES and APPLEBROOK REALTY 1-100, with the permissive authority of Defendant Bank of America, did unlawfully trespass to gain entry to the property and proceed to remove Plaintiff's belongings from his care, control, and possession without lawful justification or authorization from Plaintiff to do so.

38. Defendants Bank of America, and BANK OF AMERICA UNKNOWN AGENTS 1-100, SAFEGUARD SERVICES and APPLEBROOK REALTY summarily disposed of Plaintiff's property rights.

39. Upon learning of the losses he suffered, Plaintiff made a demand upon Defendant Safeguard to have his belongings restored to him and was informed that they did not have his belongings, as they had "trashed" them all and that it was impossible for them to do so. This last demand was

made on June 24, 2015 over the phone to Safeguard agent Lakeeta.

40. Plaintiff had clear legal ownership and right to immediate possession of his belongings which was absolute, unconditional and not dependent upon the performance of some act at the time of the conversion.

41. Plaintiff suffered damages resulting from the conversion in the amount of the value of his belongings lost.

42. Defendants are liable for the damages suffered by Plaintiff as a result of their unlawful conversion.

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendants for the relief requested herein; and to find Defendants liable for damages as alleged herein; and for any other such relief as the court finds just and equitable.

## COUNT IV. CONTRIBUTORY NEGLIGENCE

43. Plaintiff re-incorporates and restates by reference all preceding paragraphs as if set forth fully herein.

44. Defendant Bank of America is included in this count under its *respondeat superior* liability.

45. Plaintiff Wells has the current possession, control and lawful authority to enter and exit, monitor, and otherwise have and hold the property unless otherwise decreed or decided by the parties or a court of competent jurisdiction.

46. The property has been broken into by agents and/or subcontractors of Defendants, taking property, furniture, electronics and other valuables belonging to Plaintiff from the property.

47. Defendants have recklessly, wantonly, and without due regard for the care and concern due a human being with all his respective rights and interests as have attached to the Property, violated the same as if no such duty existed.

48. Defendants BANK OF AMERICA and BANK OF AMERICA UNKNOWN AGENTS 1-

100, SAFEGUARD SERVICES and APPLEBROOK REALTY have acted unreasonably with respect to the property rights of Plaintiff.

49. Defendants clearly ascertained that the proper was not vacant, and disregarded that fact causing Plaintiff to be harmed by the loss of property, damage to his property, and loss of access to his home.

50. Defendants have the responsibility to act and proceed under the principles of fairness, equality, and justice in any actions dealing with the property rights of other individuals.

51. Defendants should be deterred from taking similar actions against those similarly situated.

52. Defendants should be penalized in a manner commensurate with its misconduct and proportional to their respective financial worth and ability to pay.

53. Defendants' actions have been counter-productive, destructive, malicious, and have injured Mr. Wells' interests and the security of the property.

54. Plaintiff has taken no actions which could be construed to be having contributed to the negligence of Defendants, and has suffered actual damages as a result of the actions of Defendants in the amount of $ 500,000.00 In addition, Illinois statute provides for a nine% interest rate owed to individuals By state

55. Plaintiff attempted to communicate with Defendants prior to the destruction of his property but was not assisted in any manner by Defendants.

56. Defendants are liable for the violations suffered by Plaintiff and the injuries suffered as a result of their actions.

**WHEREFORE,** Plaintiff Walter Wells respectfully moves this Honorable Court to enter a judgment finding Defendants liable for contributory negligence as alleged herein, and finding Defendants liable for the damages alleged herein by Plaintiff, and for any and such other relief as this court deems just and equitable.

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to §1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Respectfully Submitted,

*Walter Wells* (signature)

Walter Wells

*Signed before me this 23 day of October 2015.*

*Amanda Murillo* (signature)

Walter Wells, Plaintiff
1143 W. 107th Street
Chicago, Illinois 60643
(630)306-7331
(773)429-9211
(312)952-8494

"OFFICIAL SEAL"
AMANDA MURILLO
Notary Public - State of Illinois
My Commission Expires December 04, 2017

**JURY DEMAND: Plaintiff Demands a Trial by Jury**